## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC,** | § | **Case No.: 2:14-cv-00902** |
| | § | |
| | § | |
| **Plaintiff,** | § | **Jury Trial Requested** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA LLC,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PARTHENON UNIFIED MEMORY ARCHITECTURE LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parthenon Unified Memory Architecture LLC ("PUMA" or "Plaintiff") hereby submits this Complaint against Defendants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively "Samsung" or "Defendants") and states as follows:

## THE PARTIES

1.      PUMA is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2.      On information and belief, Defendant Samsung Electronics Co., LTD. is a corporation organized and existing under the laws of Korea, having a principal place of business at Samsung Electronics Building, 1320-10, Seocho 2-dong, Seocho-gu, Seoul, 137-857 Republic of Korea.

3.      On information and belief, Defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

4.      On information and belief, Defendant Samsung Telecommunications America LLC is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

6.      Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)–(c) and 1400(b) in that Defendants have done business in this District, have committed acts of

1

infringement in this District, and continue to commit acts of infringement in this District, entitling PUMA to relief.

<u>**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,812,789**</u>

7.      On September 22, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,812,789 ("the '789 Patent"), entitled "Video And/Or Audio Decompression And/Or Compression Device That Shares a Memory Interface."   PUMA holds all rights, title, and interest in and to the '789 Patent. Samsung is not licensed to the '789 Patent, yet Samsung knowingly, actively, and lucratively practices the patents.

8.      Upon information and belief, Samsung has infringed directly and continues to infringe directly the '789 Patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '789 Patent.   Samsung's infringing products include, but are not limited to, at least the Samsung Galaxy series of phones.

9.      The acts of infringement by Samsung have caused damage to PUMA, and PUMA is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's wrongful acts in an amount subject to proof at trial.   The infringement of PUMA's exclusive rights under the '789 Patent by Samsung has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

10.     At least as early as its receipt of this Complaint, Samsung has had knowledge of the '789 Patent and written notice of the infringement.   PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,960,464**

11.     On September 28, 1999, the USPTO duly and legally issued United States Patent No. 5,960,464 ("the '464 Patent"), entitled "Memory Sharing Architecture For A Decoding In A Computer System."   PUMA holds all rights, title, and interest in and to the '464 Patent. Samsung is not licensed to the '464 Patent, yet Samsung knowingly, actively, and lucratively practices the patents.

12.     Upon information and belief, Samsung has infringed directly and continues to infringe directly the '464 Patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '464 Patent.   Samsung's infringing products include, but are not limited to, at least the Samsung Galaxy series of phones.

13.     The acts of infringement by Samsung have caused damage to PUMA, and PUMA is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's wrongful acts in an amount subject to proof at trial.   The infringement of PUMA's exclusive rights under the '464 Patent by Samsung has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

14.     At least as early as its receipt of this Complaint, Samsung has had knowledge of the '464 Patent and written notice of the infringement.   PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,058,459

15.     On May 2, 2000, the USPTO duly and legally issued United States Patent No. 6,058,459 ("the '459 Patent"), entitled "Video/Audio Decompression/Compression Device Including An Arbiter And Method For Accessing A Shared Memory."  PUMA holds all rights, title, and interest in and to the '459 Patent.  Samsung is not licensed to the '459 Patent, yet Samsung knowingly, actively, and lucratively practices the patents.

16.     Upon information and belief, Samsung has infringed directly and continues to infringe directly the '459 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '459 Patent.  Samsung's infringing products include, but are not limited to, at least the Samsung Galaxy series of phones.

17.     The acts of infringement by Samsung have caused damage to PUMA, and PUMA is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '459 Patent by Samsung has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

18.     At least as early as its receipt of this Complaint, Samsung has had knowledge of the '459 Patent and written notice of the infringement.  PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under

35 U.S.C. § 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,427,194

19.     On July 30, 2002, the USPTO duly and legally issued United States Patent No.

6,427,194 ("the '194 Patent"), entitled "Electronic System And Method For Display Using A

Decoder And Arbiter To Selectively Allow Access To A Shared Memory."  PUMA holds all

rights, title, and interest in and to the '194 Patent.  Samsung is not licensed to the '194 Patent, yet

Samsung knowingly, actively, and lucratively practices the patents.

20.     Upon information and belief, Samsung has infringed directly and continues to

infringe directly the '194 Patent.  The infringing acts include, but are not limited to, the

manufacture, use, sale, importation, and/or offer for sale of products and/or methods

encompassed by the claims of the '194 Patent.  Samsung's infringing products include, but are

not limited to, at least the Samsung Galaxy series of phones.

21.     The acts of infringement by Samsung have caused damage to PUMA, and PUMA

is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's

wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive

rights under the '194 Patent by Samsung has damaged and will continue to damage PUMA,

causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this

Court.

22.     At least as early as its receipt of this Complaint, Samsung has had knowledge of

the '194 Patent and written notice of the infringement.  PUMA intends to seek discovery on the

issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,321,368**

23.     On January 22, 2008, the USPTO duly and legally issued United States Patent No. 7,321,368 ("the '368 Patent"), entitled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory."  PUMA holds all rights, title, and interest in and to the '368 Patent.  Samsung is not licensed to the '368 Patent, yet Samsung knowingly, actively, and lucratively practices the patents.

24.     Upon information and belief, Samsung has infringed directly and continues to infringe directly the '368 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '368 Patent.  Samsung's infringing products include, but are not limited to, at least the Samsung Galaxy series of phones.

25.     The acts of infringement by Samsung have caused damage to PUMA, and PUMA is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '368 Patent by Samsung has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

26.     At least as early as its receipt of this Complaint, Samsung has had knowledge of the '368 Patent and written notice of the infringement.  PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,542,045

27.     On June 2, 2009, the USPTO duly and legally issued United States Patent No. 7,542,045 ("the '045 Patent"), entitled "Electronic System And Method For Display Using A Decoder And Arbiter To Selectively Allow Access To A Shared Memory."  PUMA holds all rights, title, and interest in and to the '045 Patent.  Samsung is not licensed to the '045 Patent, yet Samsung knowingly, actively, and lucratively practices the patents.

28.     Upon information and belief, Samsung has infringed directly and continues to infringe directly the '045 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '045 Patent.  Samsung's infringing products include, but are not limited to, at least the Samsung Galaxy series of phones.

29.     The acts of infringement by Samsung have caused damage to PUMA, and PUMA is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '045 Patent by Samsung has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

30.     At least as early as its receipt of this Complaint, Samsung has had knowledge of the '045 Patent and written notice of the infringement. PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,777,753

31.     On August 17, 2010, the USPTO duly and legally issued United States Patent No. 7,777,753 ("the '753 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory."  PUMA holds all rights, title, and interest in and to the '753 Patent.  Samsung is not licensed to the '753 Patent, yet Samsung knowingly, actively, and lucratively practices the patents.

32.     Upon information and belief, Samsung has infringed directly and continues to infringe directly the '753 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '753 Patent.  Samsung's infringing products include, but are not limited to, at least the Samsung Galaxy series of phones.

33.     The acts of infringement by Samsung have caused damage to PUMA, and PUMA is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '753 Patent by Samsung has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

34.     At least as early as its receipt of this Complaint, Samsung has had knowledge of the '753 Patent and written notice of the infringement.  PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 8,054,315

35.     On November 8, 2011, the USPTO duly and legally issued United States Patent No. 8,054,315 ("the '315 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory."  PUMA holds all rights, title, and interest in and to the '315 Patent.  Samsung is not licensed to the '315 Patent, yet Samsung knowingly, actively, and lucratively practices the patents.

36.     Upon information and belief, Samsung has infringed directly and continues to infringe directly the '315 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '315 Patent.  Samsung's infringing products include, but are not limited to, at least the Samsung Galaxy series of phones.

37.     The acts of infringement by Samsung have caused damage to PUMA, and PUMA is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '315 Patent by Samsung has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

38.     At least as early as its receipt of this Complaint, Samsung has had knowledge of the '315 Patent and written notice of the infringement.  PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 8,681,164

39.     On March 25, 2014, the USPTO duly and legally issued United States Patent No. 8,681,164 ("the '164 Patent"), entitled "Electronic System And Method For Selectively Allowing Access To A Shared Memory."  PUMA holds all rights, title, and interest in and to the '164 Patent.  Samsung is not licensed to the '164 Patent, yet Samsung knowingly, actively, and lucratively practices the patents.

40.     Upon information and belief, Samsung has infringed directly and continues to infringe directly the '164 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '164 Patent.  Samsung's infringing products include, but are not limited to, at least the Samsung Galaxy series of phones.

41.     The acts of infringement by Samsung have caused damage to PUMA, and PUMA is entitled to recover from Samsung the damages sustained by PUMA as a result of Samsung's wrongful acts in an amount subject to proof at trial.  The infringement of PUMA's exclusive rights under the '164 Patent by Samsung has damaged and will continue to damage PUMA, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

42.     At least as early as its receipt of this Complaint, Samsung has had knowledge of the '164 Patent and written notice of the infringement.  PUMA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

43.    PUMA hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, PUMA requests entry of judgment in its favor and against Samsung as follows:

a.   A declaration that Samsung has infringed and is infringing the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents;

b.   An Order permanently enjoining Samsung, its officers, agents, employees, and those acting in privity with it, from further direct and/or indirect infringement of the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents;

c.   An award of damages to PUMA arising out of Samsung's infringement of the '789, '464, '459, '194, '368, '045, '753, '315, and '164 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

d.   An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

e.   Granting PUMA its costs and further relief as the Court may deem just and proper.

Dated: September 22, 2014

Respectfully submitted,

*/s/ Demetrios Anaipakos*
Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Alisa A. Lipski
Texas Bar No. 24141345
alipski@azalaw.com
Justin Chen
Texas Bar No. 24074204
jchen@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF
PARTHENON UNIFIED MEMORY
ARCHITECTURE LLC**