**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PARTHENON UNIFIED MEMORY ARCHITECTURE LLC,** | § § § | **Case No. 2:14-cv-902-RSP** **(Lead)** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **SAMSUNG ELECTRONICS CO., LTD., ET AL.** | § § § | |

---

## SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO STAY

## **<u>TABLE OF CONTENTS</u>**

**Page**

I.     INTRODUCTION ......................................................................................................1

II.    BACKGROUND ......................................................................................................3

     A.    Factual and procedural background ..........................................................3

     B.    Overview of IPR proceedings ...................................................................5

III.   ARGUMENT...........................................................................................................6

     A.    A stay will not unduly prejudice or tactically disadvantage PUMA .......7

     B.    The IPRs will simplify and clarify this litigation...................................10

     C.    The litigation is at its early stages..........................................................13

IV.   CONCLUSION.....................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Capriola Corp. v. LaRose Indus., LLC*,
   No. 8:12-cv-2346, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) ....................................6, 12

*Click-to-Call Tech. v. Oracle Corp.*,
   No. 1:12-cv-00468, D.I. 159 (W.D. Tex., Nov. 26, 2013) ........................................................6

*Datatreasury Corp. v. Wells Fargo & Co.*,
   490 F. Supp. 2d 749 (E.D. Tex. 2006) .................................................................................9, 12

*Destination Maternity Corp. v. Target Corp.*,
   No. 12-5680, 2014 U.S. Dist. LEXIS 38148 (E.D. Pa. Mar. 24, 2014).........................6, 10, 14

*e-Watch Inc. v. ACTi Corp.*,
   Civ. A. SA-12-CA-695, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013).................................14

*e-Watch, Inc. v. Lorex Can., Inc.*,
   No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013)...........................................6, 9

*Emtel, Inc. v. Lipidlabs, Inc.*,
   No. 07-cv-01798, 2013 WL 1707678 (S.D. Tex. Apr. 19, 2013)...........................................14

*Everything for Love.com, Inc. v. Tender Loving Things, Inc.*,
   No. 02-2605, 2006 WL 2091706 (D. Ariz. July 21, 2006).....................................................10

*Evolutionary Intelligence LLC v. Yelp Inc.*,
   No. C-13-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013)..........................................6, 8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013).............................................................................................12

*Interface, Inc. v. Tandus Flooring, Inc.*,
   No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013)..................................................6

*NFC Tech. LLC v. HTC America, Inc., et al.*,
   2015 U.S. Dist. LEXIS 29573, (E.D. Tex. Mar. 11, 2015)............................................. *passim*

*Norman IP Holdings, LLC v. TPLink Techs., Co.*,
   No. 6:13-CV-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)............................6, 9, 11

*Norred v. Medtronic, Inc.*,
   No. 13-2061, 2014 WL 554685 (D. Kan. Feb. 12, 2014).......................................................6, 7

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*,
No. 13-02980, 2013 WL 869591 (N.D. Cal. Mar. 14, 2014) .............................................6, 12

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ...................................6, 7, 14

*Star Envirotech, Inc. v. Redline Detection, LLC*,
No. 12-cv-01861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ..........................................6, 7

*Ultratec, Inc. v. Sorenson Communs., Inc.*,
2015 U.S. Dist. LEXIS 62561 (W.D. Wis. May 13, 2015) ....................................................12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)...................................................................................... *passim*

**Statutes**

35 U.S.C.
§ 6..................................................................................................................................5
§ 102(a)..........................................................................................................................4
§ 102(b)..........................................................................................................................4
§ 102(e)..........................................................................................................................4
§ 311..............................................................................................................................5
§§ 311-19.......................................................................................................................5
§ 311(b)..........................................................................................................................5
§ 314(a)..........................................................................................................................2
§ 315(e)(2) ..................................................................................................................2, 9
§ 316(a)..........................................................................................................................5
§ 316(a)(11)....................................................................................................................5

America Invents Act ...................................................................................................4, 5

**Other Authorities**

37 C.F.R.
§ 42.51............................................................................................................................5
§ 42.53............................................................................................................................5

157 Cong. Rec.
S952 (daily ed. Feb. 28, 2011)......................................................................................7
S5319 (daily ed. Sept. 6, 2011).....................................................................................7

iii

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully request a stay of this case until the U.S. Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("PTAB") concludes the *Inter Partes* Review ("IPR") of the five asserted patents remaining in this litigation brought by Plaintiff Parthenon Unified Memory Architecture LLC ("PUMA"): U.S. Patent Nos. 5,812,789 ("'789 Patent"), 7,321,368 ("'368 Patent"), 7,542,045 ("'045 Patent"), 7,777,753 ("'753 Patent"), and 5,960,464 ("'464 Patent") (collectively, "Patents-in-Suit").[1]

## I.    INTRODUCTION

Between June 24 and September 22, 2015, Samsung filed IPR petitions[2] with the PTAB that demonstrate that each asserted claim of the Patents-in-Suit is invalid.  On January 6, 2016, the PTAB instituted IPRs on three of the five Patents-in-Suit—specifically, all claims of the '368 Patent asserted in this litigation, all claims of the '045 Patent asserted in this litigation, and asserted claims 1-4 of the '753 Patent.[3]  *See* Exs. 1-3.  The PTAB's institution decisions for the remaining '789 and '464 asserted patents are expected within the next three months.  Because the '789 and '464 patents are related to the patents for which the PTAB has already instituted IPRs, Samsung has a reasonable expectation that the PTAB will institute IPRs on these asserted patents as well.

In the interest of judicial economy and avoiding wasteful litigation, Samsung is diligently filing this motion to stay this case pending the completion of the IPRs, each of which by statute

---

[1] On August 28, 2015, PUMA agreed to drop four of the nine patents it originally asserted (U.S. Patent Nos. 6,058,459; 6,427,194; 8,681,164; 8,054,315), and accordingly, only the five aforementioned patents remain in the case.

[2] Samsung, joined by HTC and LG, filed IPR petitions on the '368, '045, and '753 patents on June 24, 2015.  Samsung filed IPR petitions on the '789 and '464 patents on September 22, 2015.

[3] The PTAB did not institute the IPR for claims 7-10 and 12 of the '753 Patent; however, on January 20, 2016, Samsung timely filed a motion for rehearing on these claims on grounds of clear error by the PTAB.  *See* Ex. 4

must be completed within 12 months of institution.  All three factors governing the appropriateness of a stay favor granting this motion.

First, Plaintiff will not suffer any undue prejudice from a stay.  Courts consistently hold that the delay inherent in an IPR does not constitute undue prejudice, especially where, as here, Plaintiff neither practices the Patents-in-Suit nor makes or sells any products—and thus does not compete with Samsung.

Second, a stay will simplify the litigation by streamlining or even eliminating it entirely. By instituting IPRs on three of the Patents-in-Suit, the PTAB has already expressly determined that it is reasonably likely that the asserted claims in these patents are invalid.  *See* 35 U.S.C. § 314(a) ("The Director may not authorize an inter partes review to be instituted unless . . . there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.").  Consistent with the rigor of the PTAB's threshold determination for instituting an IPR, the vast majority—almost 90%—of cases in which the PTAB has instituted an IPR result in at least one claim being invalidated, with the majority of those cases resulting in all claims being invalidated.  Absent a stay, some or all of the work of the Court, the parties, and even the jurors in this District will be wasted.  Even if the PTAB unexpectedly confirms all claims, a stay will still simplify the case because the IPRs will significantly reduce the invalidity issues that must be resolved in this litigation.  *See* 35 USC 315(e)(2).

Third, a stay is appropriate since Samsung is timely filing this motion after its timely-filed petitions have been instituted, and after the Court has amended the docket control order to set trial nine months away.  Further, under the new schedule, the parties still have two months remaining to complete discovery.  To date, Samsung has only conducted one 30(b)(6) deposition of PUMA, and exchanged fact discovery pursuant to the patent local rules, but most of the major

work related to this case for the parties and the Court is yet to come.  Because all three factors

support a stay, the Court should stay this case until the conclusion of the IPRs.

## II.      BACKGROUND

### A.      Factual and procedural background

PUMA filed complaints against HTC Corporation and HTC America, Inc. ("HTC") and

LG Electronics USA, Inc. and LG Electronics, Inc. ("LG") on June 12, 2014 (Civil Action Nos.

2-14-cv-00690, and 2-14-cv-00691, respectively), Samsung on September 22, 2014 (Civil Action

No. 2-15-cv-00902), ZTE (TX) Inc. and ZTE USA, Inc. ("ZTE") on February 17, 2015 (Civil

Action No. 2-15-cv-00225), and Apple Inc. on May 1, 2015 (Civil Action No. 2-15-cv-00621)

(collectively, "Defendants") alleging infringement of the Patents-in-Suit.  The status of the case

is as follows:

- PUMA served preliminary infringement contentions on each of the Defendants.

- Defendants served their invalidity contentions on PUMA.

- Claim constructions for LG, HTC, Samsung, and ZTE have been ordered.

- Only three party depositions of PUMA have occurred collectively between the

Defendants, and Samsung has conducted only one.

- No dispositive motions have been filed.

- No expert discovery has occurred.

- PUMA conducted discovery of Qualcomm, and subsequently filed motions for leave to

supplement infringement contentions for Defendants (except Apple and ZTE) in November of

2015.[4]  These Defendants filed oppositions to PUMA's motions and the Court has yet to decide the motions.

•   Defendants (except Apple) and PUMA filed a joint motion to amend the docket control order and extend the trial date, consistent with the schedule for Apple's case, which the Court granted on December 21, 2015.

•   The extended date for the close of fact discovery is March 25, 2016.

•   The extended date for the close of expert discovery is May 6, 2016.

•   The extended date for trial is October 3, 2016.

On June 24, 2015, Samsung, along with LG and HTC, filed petitions for IPR, asking the PTAB to invalidate all asserted claims for the '368, '045, and '753 Patents based on prior art references under pre-America Invents Act ("AIA") 35 U.S.C. §§ 102(a), 102(b), and 102(e).[5] The PTO did not consider any of these references, alone or in combination, during its prosecution of these patents.  On January 6, 2016, the PTAB granted Samsung's (and LG/HTC's) petitions for IPR for all asserted claims of the '368 Patent and the '045 Patent, and for asserted claims 1-4 of the '753 Patent, finding a reasonable likelihood that Samsung would prevail in showing that the asserted claims are invalid.  The PTAB did not institute IPR for asserted claims 7-10 and 12 of the '753 Patent; however, on January, 20, 2016, Samsung timely filed a motion for rehearing on these claims on grounds of clear error by the PTAB.

On September 22, 2015, Samsung filed petitions for IPR on all asserted claims for the '789 and '464 patents, based on prior art references under pre-AIA 35 U.S.C. §§ 102(a), 102(b),

---

[4] PUMA filed a similar motion for leave to supplement infringement contentions for ZTE on January 7, 2016.

[5] Samsung, HTC and LG also filed petitions for IPR on the '164 and '315 patents, which the PTAB did not institute; but, PUMA dropped these patents from the case on August 28, 2015.

and 102(e).  The PTO did not consider any of these references, alone or in combination, during its prosecution of these patents.  The PTAB is expected to decide whether to institute IPRs on these asserted patents in the next three months.  The '789 and '464 patents are related to each other and to those patents for which the PTAB has already instituted IPRs.  Moreover, the '789 Patent is incorporated by reference into the patents for which the IPRs have been instituted.  Given the relationships between patents, Samsung reasonably expects the PTAB to institute the IPRs for the '789 and '464 patents as well.

**B.    Overview of IPR proceedings**

IPR is a procedure that replaces the *inter partes* reexamination procedure for challenging the validity of patents.  *See* 35 U.S.C. §§ 311-19 (2006), replaced by the America Invents Act, Pub. L. No. 112-29, 125 Stat. 299 (2011).  The IPR procedure allows a full adversarial challenge—including an oral hearing and discovery—to the validity of a patent based on prior art patents and printed publications.  35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.53.  Each IPR is conducted before a panel of technically trained patent judges who are part of the PTAB. 35 U.S.C. §§ 6, 311.

IPRs usually result in the cancellation of one or more claims.  For IPRs in which the PTAB instituted a trial and issued a final written decision, at least one challenged claim was invalidated 86.9% of the time and all challenged claims were invalidated 72.3% of the time. (Soobert Decl. ¶ 7, Ex. 5.)  IPR is a quick proceeding with statute-mandated deadlines, which in totality must be completed no later than 12 months after institution of the IPR.  35 U.S.C. § 316(a)(11).  The PTAB may extend this deadline by up to six months for "good cause," but seldom does so.  (Soobert Decl. ¶ 8, Ex. 6.)  Thus, the IPR procedure is more expeditious than the previous *inter partes* reexamination procedure for which the average pendency was about three years.

5

## III.    ARGUMENT

District courts in Texas and across the country have done exactly what this motion requests—exercise the Court's discretion to grant a motion to stay pending the resolution of instituted IPRs.  *See VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014); *NFC Tech. LLC v. HTC America, Inc., et al.*, 2015 U.S. Dist. LEXIS 29573, at *20 (E.D. Tex. Mar. 11, 2015) (Bryson, J., sitting by designation) (holding that district court decisions following *VirtualAgility* show a "near-uniform line of authority [reflecting] the principal point made by the court in *VirtualAgility*—that after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed.") (citing over twenty five cases post-*VirtualAgility* to support his opinion).[6]  Courts typically consider three factors when determining whether to grant a stay pending IPR: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court."  *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *5; *Norman IP Holdings, LLC v. TPLink Techs., Co*., No. 6:13-CV-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (*citing Soverain Software LLC v. Amazon.com, Inc*., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).  Here, all three factors weigh in favor of a stay.

---

[6] *See also, e.g., Destination Maternity Corp. v. Target Corp*., No. 12-5680, 2014 U.S. Dist. LEXIS 38148 (E.D. Pa. Mar. 24, 2014); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc*., No. 13-02980, 2013 WL 869591 (N.D. Cal. Mar. 14, 2014); *Norred v. Medtronic, Inc*., No. 13-2061, 2014 WL 554685 (D. Kan. Feb. 12, 2014); *Evolutionary Intelligence LLC v. Yelp Inc*., No. C-13-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013); *Click-to-Call Tech. v. Oracle Corp*., No. 1:12-cv-00468, D.I. 159 (W.D. Tex., Nov. 26, 2013) (order granting motion to stay); *Interface, Inc. v. Tandus Flooring, Inc*., No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013); *e-Watch, Inc. v. Lorex Can., Inc*., No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-cv-01861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013); *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp*., No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012).

**A.      A stay will not unduly prejudice or tactically disadvantage PUMA**

The first factor favors a stay because PUMA will not suffer any undue prejudice or tactical disadvantage from the stay.  "Courts have held that the mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for a stay." *Semiconductor Energy*, 2012 WL 7170593, at *3 (citation and quotation omitted); *see also Norred*, 2014 WL 554685, at *4.  These holdings are particularly applicable in the context of IPR, as any "delay caused by the new IPR procedure is *significantly* less than the delay caused by the old procedure." *Star Envirotech*, 2013 WL 1716068, at *2 (citation and quotation omitted) (emphasis added).  Indeed, Congress replaced the *inter partes* reexamination procedure with the IPR procedure with the intent to provide a "faster, less costly alternative[] to civil litigation to challenge patents." 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement of Sen. Chuck Grassley).  Congress further stated that the new post-grant review procedures, including IPR, were meant to be "an inexpensive substitute for district court litigation" that "allows key issues to be addressed by experts in the field." 157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement of Sen. Jon Kyl).

The Federal Circuit recently held in the closely analogous context of a stay pending Covered Business Method ("CBM") review that "whether the patentee will be unduly prejudiced by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318.  This District has since recognized that "[i]n light of the parallel policies underlying the CBM and inter partes review proceedings, it is not surprising that courts have applied generally similar analysis to requests for stays in both settings," and that "since the circuit court's decision in VirtualAgility, *courts have been nearly uniform in granting motions to stay* proceedings in the trial court after the PTAB has instituted inter partes review proceedings." *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *18 (emphasis added) (citing at

least nineteen district court decisions since *VirtualAgility* granting motions to stay proceedings after institution of IPRs, and at least seven district court decisions granting motions to stay proceedings after institutions of CBMs).

As the Federal Circuit noted, a plaintiff's failure to seek a preliminary injunction "weigh[s] against [its] claims that it w[ill] be unduly prejudiced by a stay." *VirtualAgility*, 759 F.3d at 1319. Here, as in *VirtualAgility*, Plaintiff did not seek preliminary injunctive relief. Moreover, even if Plaintiff were to prevail in this case, it would be adequately compensated by damages, which will continue to accrue while the case is stayed. *See Evolutionary Intelligence*, 2013 WL 6672451, at *8 ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.") (internal quotation marks omitted) (citing cases); *see also VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled . . .—it only delays realization of those damages and delays any potential injunctive remedy."). That fact, too, undercuts any claim that Plaintiff will be unduly prejudiced by a stay.

In addition, PUMA will not suffer any prejudice because it is purely a patent licensor that does not compete with Samsung. In other cases involving non-competitors, courts have found that this factor "strongly favor[s] granting the stay" based on the following reasoning:

> If the parties are not competitors (meaning that the plaintiff does not market any products or services covered by the claims of the patents-in-suit and does not seek a preliminary injunction), the plaintiff does not risk irreparable harm by the defendant's continued use of the accused technology and can be fully restored to the status quo ante with monetary relief.

*Evolutionary Intelligence*, 2013 WL 6672451, at *8 (citing cases). Accordingly, any delay caused by a stay will not prejudice or tactically disadvantage PUMA because PUMA, a non-

practicing entity with no products or services related to the asserted patents, does not compete with Samsung.

In fact, courts in this District have recognized that during a stay pending IPR, "the potential for avoiding potentially moot discovery will benefit both parties." *Norman IP*, 2014 WL 5035718, at *2. Moreover, as this Court noted in *Datatreasury Corp. v. Wells Fargo & Co*., the estoppel effect of reexamination proceedings further eliminates any prejudice to Plaintiff. 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006). In this case, if Samsung's petitions result in a final written decision from the PTO, estoppel may apply to invalidity grounds raised or that reasonably could have been raised in the IPR proceeding. *See* 35 U.S.C. § 315(e)(2). Thus, the IPR proceeding will reduce the number of invalidity arguments that Plaintiff must rebut, and the number of arguments that this Court must adjudicate. *See, e.g*., *e-Watch, Inc. v. Lorex Canada, Inc*., 2013 WL 5425298, at *1 (S.D. Tex. Sept. 26, 2013) (acknowledging this advantage when agreeing in principle to a stay pending IPR of litigation against its competitors, subject only to a dispute about the scope of estoppel). Here, because Samsung may be subject to estoppel under § 315(e)(2), this factor strongly favors a stay. *Norman IP*, 2014 WL 5035718, at *2.

Finally, Samsung has acted expeditiously in filing the IPRs and seeking a stay—there is no dilatory motive. *See VirtualAgility*, 759 F.3d at 1319 (noting that defendant's prompt filing of its petition for review and motion to stay demonstrated the absence of a dilatory motive.). As soon as PUMA filed its complaint, Samsung began investigating prior art to prepare its invalidity contentions, and served its invalidity contentions on PUMA. Samsung subsequently filed IPR petitions on June 24 and September 22, 2015. After the PTAB decided to institute IPRs of three of the Patents-in-Suit, Samsung met and conferred with PUMA on February 1 and 4, 2016, and

is filing this motion shortly thereafter.  Courts grant motions to stay based on similar facts.  *See, e.g., Destination Maternity*, 2014 U.S. Dist. LEXIS 38148, at *9–11.

While a stay will not unduly prejudice PUMA, the failure to stay the case ***will*** unduly prejudice Samsung.  Samsung will be forced to expend substantial sums litigating numerous claims that the PTAB has already determined are reasonably likely to be invalid.  For IPRs in which the PTAB has instituted a trial and issued a final written decision, the PTAB found all instituted claims invalid in 72.3% of the instituted IPRs, and at least one claim invalid in 86.9% of the instituted IPRs.  (Soobert Decl. ¶ 7, Ex. 5.)

Samsung could also be prejudiced because, despite the likelihood that the PTAB will invalidate some or all of the asserted claims, a judgment could be entered in PUMA's favor before the completion of the IPRs potentially requiring them to pay damages.  Samsung may have no practical way to recover those damages from non-practicing PUMA, should the PTAB later determine that PUMA's asserted claims are invalid.  *See, e.g., Everything for Love.com, Inc. v. Tender Loving Things, Inc*., No. 02-2605, 2006 WL 2091706, at *3–4 (D. Ariz. July 21, 2006).  Thus, Samsung could be required to pay a judgment on invalid claims without the ability to recover the money paid.  "Such an outcome is unacceptable."  *Id*. at *4 (citation omitted).  Thus, this factor favors a stay because PUMA will not suffer any undue prejudice or tactical disadvantage.  In contrast, not granting a stay here will unduly prejudice Samsung.

### B.      The IPRs will simplify and clarify this litigation

The second factor also favors a stay because the PTAB's final written decisions will simplify and streamline this litigation regardless of the outcome.  In the context of a stay pending CBM review, the Federal Circuit has noted that the institution of review "weighs heavily in favor of granting the stay."  *VirtualAgility*, 759 F.3d at 1314.  This District has also held that even where the PTAB has instituted IPRs on only some, but not all asserted claims in a case, "the

'simplification' factor cuts strongly in favor of granting a stay in this case pending the completion of the inter partes review process." *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *23.  As the court in *Norman IP* noted, "[s]taying the litigation pending the PTAB's determination of the validity of all the asserted claims of the three Patents-in-Suit could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal."  2014 WL 5035718, at *3.

Assuming that the case is not settled or dismissed before the PTAB reaches its final written decisions, three possible outcomes exist—any of which would benefit the Court and the parties and weigh in favor of a stay.  *First*, if the PTAB invalidates all asserted claims, this case will be over and all other co-pending cases that PUMA has filed will be over.  *See VirtualAgility*, 759 F.3d at 1314–15 (noting that a successful CBM review "would not just reduce the burden of litigation on the parties and the court—it would entirely eliminate it.").  *Second*, if the PTAB rejects or amends some of the claims, the case will be simplified because the original claims will no longer be at issue in the litigation or any of the other PUMA litigations.  *See NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *13 ("[I]f the proceedings result in cancelation of some or all of the asserted claims, either some portion of the litigation will fall away, or the litigation will come to an end altogether.").  *Third*, even if the PTAB confirms all of the claims, Samsung may be estopped from asserting invalidity "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review."  35 USC 315(e)(2); *see also NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *13.  Thus, the invalidity arguments will inevitably be simplified.  Under each of these scenarios, IPR will simplify the litigation by adding prosecution history that will likely inform claim construction and other issues, such as intervening rights (which impacts damages).  Conversely, if the Court does not grant the stay, progress in this case may be

undermined by claim amendments made during the IPRs or by the PTAB's claim constructions.

*See, e.g., VirtualAgility*, 759 F.3d at 1314 (noting that a patent owner's claim amendments at the

PTAB could make claim construction "a moving target.").

Even before the Federal Circuit provided its recent guidance in *VirtualAgility*, courts in

this District and elsewhere had identified seven advantages to staying litigation and shifting

certain questions of patent invalidity to the PTO:

> [1] All prior art presented to the Court will have been first considered by the PTO, with
> its particular expertise;
> [2] many discovery problems relating to prior art can be alleviated by the PTO
> examination;
> [3] in those cases resulting in effective invalidity of the patent, the suit will likely be
> dismissed;
> [4] the outcome of the reexamination or review may encourage a settlement without the
> further use of the Court;
> [5] the record of reexamination or review would likely be entered at trial, thereby
> reducing the complexity and length of the litigation;
> [6] issues, defenses, and evidence will be more easily limited in pretrial conferences after
> a reexamination or review; and
> [7] the cost will likely be reduced both for the parties and the Court.

*Datatreasury*, 490 F. Supp. 2d at 754; *see also Capriola*, 2013 WL 1868344, at *1 (identifying

same factors and granting a stay pending IPR); *Riverbed*, 2014 WL 1647399, at *2–3 (same).

Finally, the Federal Circuit's recent decision in *Fresenius USA, Inc. v. Baxter Int'l, Inc.*

provides another reason to stay the case.  721 F.3d 1330 (Fed. Cir. 2013).  The Federal Circuit

held that where the execution of a damages award has not yet occurred and the decision is not yet

final—in that case, the award was on appeal to the Federal Circuit—district courts must give

effect to the PTO's invalidity determination.  *Id*. at 1343.  Even if the parties' disputes progress

more quickly in the district court than in the PTO, the IPR decision will ultimately govern,

rendering all of the Court's and parties' work in this action for naught.  *See Ultratec, Inc. v.*

*Sorenson Communs., Inc.*, 2015 U.S. Dist. LEXIS 62561, at *10 (W.D. Wis. May 13, 2015)

(granting a renewed motion to stay pending IPR at a very late stage of litigation—*after* a jury had found the asserted patents valid, determined the defendants infringed all asserted claims, and awarded $44 million in damages—to further "avoid a needless waste of judicial resources" and prevent inconsistent results that may result if the judgment in the case and the PTAB's IPR decisions invalidating the patents were appealed at the Federal Circuit at the same time).  Before the Court and the parties expend unnecessary resources, the PTO should be allowed to complete its review, which will narrow the issues and possibly eliminate them altogether.

In sum, the second factor favors a stay because a stay will simplify the issues remaining at the conclusion of the IPR proceedings.

### C.    The litigation is in its early stages

The third factor favors a stay because Samsung filed its motion at a relatively early stage of this action, a point at which a stay would maximize judicial efficiency.  For purposes of this factor, "the time of the motion is the relevant time to measure the stage of litigation." *VirtualAgility*, 759 F.3d at 1317.  This District has granted a motion to stay where, as here, "[b]y the time the motion to stay was filed, the parties had engaged in significant discovery, and claim construction briefing was complete," but "fact discovery does not close for another month, and significant pretrial discovery, filings, motions, and other events remain to be completed before the scheduled trial date…"  *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573 at *9-10.  As the Court had entered the parties' joint motion to amend the docket control order, the date for the close of fact discovery is not until March 25, 2016, the date for the close of expert discovery is not until May 6, 2016, and trial is set for October 3, 2016.  No party has filed a dispositive motion, and only three depositions of PUMA witnesses have taken place collectively between Defendants.

Courts routinely stay cases in similar, or even more advanced, stages.  For example, in *NFC Technology*, the scheduled trial was only six months away and the discovery deadline was

only a month away at the time the stay was granted.  *Id.*  In *VirtualAgility*, the Federal Circuit

found that this factor weighed in favor of a stay where "jury selection was a year away."  759

F.3d at 1317.  In *e-Watch Inc. v. ACTi Corp.*, a court in the Western District of Texas observed

that although the plaintiff filed the case over a year before, the only discovery that had taken

place was an exchange of preliminary disclosures, and the serving of written discovery and

document requests.  Civ. A. SA-12-CA-695, 2013 WL 6334372, at *7 (W.D. Tex. Aug. 9, 2013).

The court found that "[c]ontinuing to prosecute this case is likely to result in the unnecessary

expenditure of the parties' and the Court's resources on claims and issues that could be resolved

or changed as a result of the IPR proceedings."  *Id.*

   The reasons for focusing on the stage of litigation are simple: when substantial work

remains unfinished, a stay will conserve both the Court's and the parties' resources.  These

reasons are so compelling that courts grant stays in cases further along than this one to prevent a

further waste of the court's and the parties' resources.  *See, e.g., Emtel, Inc. v. Lipidlabs, Inc.*,

No. 07-cv-01798, 2013 WL 1707678, at *6 (S.D. Tex. Apr. 19, 2013) (granting a stay pending

resolution of *inter partes* reexamination after court conducted the *Markman* hearing);

*Destination Maternity*, 2014 U.S. Dist. LEXIS 38148, at *18–19 (citing numerous cases and

noting that although "the parties have already conducted a significant amount of discovery," this

factor weighs in favor of a stay "if there remains a significant amount of work ahead for the

parties and the court, even when the parties and/or the court have already devoted substantial

resources to the litigation").  Accordingly, this factor weighs in favor of a stay: "considering the

general time line of patent litigation, there is more work ahead of the parties and the Court than

behind the parties and the Court."  *Semiconductor Energy*, 2012 WL 7170593, at *5 (citations

omitted).

## IV.    CONCLUSION

All three factors favor a stay of this case pending IPRs of the Patents-in-Suit: PUMA will

suffer no prejudice or tactical disadvantage, a stay will simplify the case, and this case is in its

relatively early stages.  Accordingly, this Court should stay this case until the conclusion of the

IPR proceedings.

Dated:  February 5, 2016                    Respectfully submitted,

                                            */s/ Allan M. Soobert*
                                            Allan M. Soobert, Lead Attorney
                                            Robert M. Masters
                                            PAUL HASTINGS LLP
                                            875 15th Street, N.W.
                                            Washington, DC 20005
                                            Telephone:  (202) 551-1700
                                            Facsimile:  (202) 551-0222
                                            allansoobert@paulhastings.com

                                            Steven L. Park
                                            PAUL HASTINGS LLP
                                            1170 Peachtree Street, Suite 100
                                            Atlanta, Georgia 30309
                                            Telephone:  (404) 815-2223
                                            Facsimile:  (404) 815-2424
                                            stevenpark@paulhastings.com

                                            Jonas Herrell
                                            PAUL HASTINGS LLP
                                            1117 South California Avenue
                                            Palo Alto, CA 94304
                                            Telephone: (650) 320-1851
                                            Facsimile:  (650) 320-1951
                                            jonasherrell@paulhastings.com

                                            Melissa R. Smith
                                            Texas State Bar No. 24001351
                                            GILLAM & SMITH, LLP
                                            303 S. Washington Ave.
                                            Marshall, TX 75670
                                            Telephone:  (903) 934-8450
                                            Facsimile:  (903) 934-9257
                                            melissa@gillamsmithlaw.com

COUNSEL FOR DEFENDANTS SAMSUNG
ELECTRONICS CO., LTD., and SAMSUNG
ELECTRONICS AMERICA, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing MOTION TO STAY has been forwarded via email to all counsel of record on this 5th day of February, 2016.

*/s/      Allan M. Soobert*
Allan M. Soobert

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rules CV-7(h) and (i), counsel for Samsung met and conferred telephonically and through email with counsel for the Plaintiff on January 29, February 1, and February 4, 2016 in a good faith attempt to resolve the matters raised by this motion.   Plaintiff indicated they opposed this motion.   Therefore, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

*/s/      Allan M. Soobert*
Allan M. Soobert
